**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QI YING WANG,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 07-72197<br><br>Agency No. A043-941-061<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 30, 2011[**]
Pasadena, California

Before: ALARCÓN, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Qi Ying Wang is a native and citizen of China. She is married to an

American citizen and has two American citizen sons. Claiming that if returned to

China, she will be subject to its One Child Policy, Wang seeks asylum,

withholding of removal and protection under the United Nations Convention

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). The immigration judge ("IJ") concluded that her fear was not objectively reasonable; the Board of Immigration Appeals ("BIA") affirmed. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Wang's petition for review.

We conclude that substantial evidence supports the agency's factual finding that Wang's fear was not objectively reasonable. *See Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998). Because Wang admitted that she has not suffered past persecution, the "the IJ and the BIA [we]re entitled to rely on all relevant evidence in the record, including [any] State Department report[s], in considering whether the petitioner has demonstrated that there is good reason to fear future persecution." *Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) (distinguishing *Garrovillas v. INS*, 156 F.3d 1010, 1017 (9th Cir. 1998)).

The record includes documentary evidence that China's enforcement of its One Child Policy is uneven and that its enforcement in Wang's home province is lax. United States Dept. of State, China Profile of Asylum Claims and Country Conditions 22–23 (2004). This evidence also indicates that because Wang's husband is an American citizen and her children were born abroad, she is particularly unlikely to be subject to the One Child Policy. *Id.* at 26.

When confronted with this evidence, Wang's only response was a general statement of apprehension. This simply does not meet her burden of "adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999).

Because Wang has failed to establish a "well-founded" fear of persecution she has not met the more stringent standard for withholding of removal. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

While Wang's failure to establish eligibility for asylum does not automatically defeat her CAT claim, *Kamalthas v. INS*, 251 F.3d 1279, 1282–83 (9th Cir. 2001), her testimony is similarly insufficient to establish a likelihood of torture upon removal to China.

**DENIED.**

3